UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE ESSIQUE, et al.,

       Plaintiffs,                  Case No. 2:15-cv-12049

v.                                HONORABLE STEPHEN J. MURPHY, III

WALNUT WOODS CONDOMINIUM
ASSOCIATION, et al.,

       Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT JONES'S MOTION TO DISMISS (document no. 18)

Plaintiff Christine Essique sued Defendants Walnut Woods Condominium Association, Kramer-Triad Management Group, LLC, and Jeffery Jones, P.C., alleging violations of the Fair Debt Collection Practices Act (FDCPA) and Michigan's Regulation of Collection Practices Act (MRCPA), slander of title, invasion of privacy, nuisance, and breach of contract. She brought suit individually and as trustee of the Christine R. Essique Revocable Living Trust. Defendant Jones filed a motion to dismiss. For the reasons below, the Court will grant the motion in part and deny the motion in part.

## BACKGROUND

In June 2014, Essique stopped paying condominium association fees to Walnut Woods based on a dispute over a retaining wall project. Am. Compl. ¶ 25, ECF No. 6. As a result, the association hired Jones to collect the unpaid fees from Essique. Mot. 2, ECF No. 18. On July 21**,** 2014, Jones sent a letter to Essique. *Id.* The letter stated that "this office is attempting to collect a debt on behalf of Walnut Woods Condominium Association." Letter, ECF No. 18-2. In the letter, Jones demanded $900 from Essique in association fees, late charges and legal charges. *Id.* Additionally, the letter informed Essique that, under the

"Fair Debt Collection Practices Act, you have thirty (30) days in which to dispute this debt. . . . Upon disputing the debt, we shall supply to you (by mail) verification of the debt." *Id.* The letter included a "ledger" that detailed Essique's association fee payment history and her then-current balance owed for two months of unpaid fees: $725. *Id.*

Thirty days later, on August 20, 2014, Essique sent a response letter to Jones; she disputed the debt and requested verification of the debt. Am. Compl. ¶ 28, ECF No. 6. On December 5, 2014, Jones filed a lien on Essique's condominium. *Id.* ¶ 30. Then, on February 10, 2015, Jones sent another letter to Essique. Letter, ECF No. 18-3. The letter included "verification of the debt" — a document detailing Essique's balance owed: $3,305 for unpaid association fees, late fees, and legal fees. *Id.*

On May 8, 2015, Jones sent a notice to Essique, indicating that the lien would be foreclosed on June 9, 2015 at a public auction. Am. Compl. ¶ 34, ECF No. 6. Essique filed a complaint, dismissed her claim, and then filed an amended complaint. *See* Compl., ECF No. 1. Later, Essique voluntarily dismissed the complaint as to Kramer-Triad. Jones's motion to dismiss followed.

## LEGAL STANDARD

Jones brings the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted or, alternatively, for summary judgment under Federal Rule of Civil Procedure 56. Under Rule 12(b)(6), the Court must dismiss a complaint that fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). In evaluating the motion, the Court views the complaint in the

light most favorable to the plaintiff, presumes the truth of all well-pled factual assertions, and draws every reasonable inference in favor of the non-moving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). To survive a motion to dismiss, the complaint must offer "more than the bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, L.L.C.*, 561 F.3d 478, 488 (6th Cir. 2009), or a "formulaic recitation of the elements." *Ashcroft v. Iqbal*, 556 U.S. 662, 681(2009) (quoting *Twombly*, 550 U.S. at 555). Instead, the plaintiff must provide sufficient facts to show a "plausibility of entitlement to relief." *Id.* at 678. When reviewing a motion to dismiss, the Court may only consider the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008).

If the Court relies on materials outside of the pleadings and not referenced in the complaint, the summary judgment standard applies. *See* Fed. R. Civ. P. 56(a). Summary judgment is proper if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* A fact is material for purposes of summary judgment if its resolution would establish or refute an "essential element[] of a cause of action or defense asserted by the parties[.]" *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

In considering a motion for summary judgment, the Court must view the facts and draw all inferences in the light most favorable to the non-moving party. *Stiles ex rel. D.S. v. Grainger Cnty., Tenn.*, 819 F.3d 834, 848 (6th Cir. 2016). At the summary judgment stage, the judge's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 775 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

3

**DISCUSSION**

In the motion to dismiss the FDCPA and MRCPA claims, Jones asks the court to consider material, including a February 10, 2015 debt collection letter, that was not specifically mentioned by Essique in the complaint. Since the Court will consider material outside the pleadings, the Court will convert Jones's motion to dismiss into one for summary judgment.

I.   Fair Debt Collection Practices Act

Congress passed the FDCPA to prevent "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692. The FDCPA exists "to protect consumers," *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 785 (6th Cir. 2014), *reh'g denied* (Aug. 8, 2014), and is "extraordinarily broad" in scope. *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014) (quotations omitted). And, as with any consumer protection statute, courts interpret the FDCPA liberally to benefit the consumer. *Id.*

"When interpreting the FDCPA, we begin with the language of the statute itself[.]" *Schroyer v. Frankel*, 197 F.3d 1170, 1174 (6th Cir. 1999). Section 1962g of the FDCPA mandates a specific sequence of actions from a debt collector: in the initial contact with the consumer (or within 5 days of initial contact) the debt collector must provide notice that the consumer has 30 days to dispute the debt. § 1692g(a)(4). If the consumer disputes the debt, the debt collector must mail "verification of the debt" to the consumer. § 1692g(b). "[T]here are no time limits for a debt collector to validate the debt under § 1692g(b)." *Purnell v. Arrow Fin. Servs., LLC*, 303 F. App'x 297, 303–04 (6th Cir. 2008). But until the

4

debt collector provides verification to the consumer, the debt collector must "cease collection of the debt." *Id.* (quoting § 1692g(b)).

Here, Jones sent Essique an initial demand letter and enclosed a "ledger" outlining Essique's unpaid fees. Mot. 3, ECF No. 18. Then Essique responded by disputing the debt. *Id.* At this point, Jones faced a choice: he could either "choose not to verify the debt and abandon [his] collection efforts," or he could "decide to verify the debt and resume collection activities once the requested validation ha[d] been provided." *Purnell*, 303 F. App'x at 303–04. Jones chose neither. Instead, he filed a lien on Essique's condominium. Am. Compl. ¶ 48, ECF No. 6. Then, two months later, he sent Essique a debt verification letter. Mot. 4, ECF No. 18.

Essique claims that Jones violated § 1692g(b) of the FDCPA by filing a lien prior to verifying the debt. Jones contends, however, that Essique's claim fails to establish a genuine dispute of material fact since he provided Essique with a "ledger" verifying her debt with the initial demand letter. According to Jones, "before Essique even requested verification, she already had in her possession the very document that verified her debt." Mot. 8, ECF No. 18. But a "debt collector must verify a disputed debt even if he has included proof of the debt with the first communication[.]" *Bridge v. Ocwen Fed. Bank*, *FSB*, 681 F.3d 355, 361 (6th Cir. 2012) (quoting FTC Staff Commentary, 53 Fed. Reg. 50097-02, 50106 (Dec. 13, 1988)). Additionally, the July 21, 2014 ledger and the February 10, 2015 verification were not identical: at least one discrepancy (the June late fee) existed between the two. *Compare* Letter, ECF No. 18-2, *with* Verification, ECF No. 18-3. Therefore, Jones has not shown the absence of a genuine material factual dispute over whether the ledger satisfied the FDCPA verification requirement of § 1692g(b).

Alternatively, Jones argues that no violation of the FDCPA occurred because the act of filing a lien on Essique's condominium was not a debt collection activity. Mot. 11, ECF No. 18. Although the Act requires a debt collector to cease debt collection prior to verifying a disputed debt, "[u]nfortunately, the FDCPA does not define debt collection[.]" *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 460–62 (6th Cir. 2013). "But the statute does offer guideposts." *Id.* For instance, § 1692f provides some examples of debt collection activities. "Section 1692f prohibits 'debt collectors' from using 'unfair or unconscionable means' to 'collect any debt.'" *Id.* (quoting § 1692f). The section goes on to provide a non-exhaustive list of prohibited activities, including "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property." *Id.* Under the FDCPA, therefore, Jones's lien qualifies as a debt collection activity because it disabled Essique's interest in her condominium.

In a strikingly similar case, the Sixth Circuit in *Haddad* concluded by implication that filing a lien is a debt collection activity. *Haddad*, 758 F.3d at 786. In *Haddad*, a condominium association hired a firm to collect unpaid association fees from the plaintiff, a condominium owner. *Id.* at 779. The owner disputed a portion of the debt. *Id.* at 785. The firm had previously sent the owner an "accounting ledger" but — after the owner again disputed the debt — the firm failed to provide verification. *Id.* Instead, the debt collector "continued its efforts to collect this portion as well as the entirety by sending a letter demanding payment and placing a lien on [the owner's] condominium. In doing so, the firm violated 15 U.S.C. § 1692g(b)." *Id.* at 786. Similar to *Haddad*, Jones placed a lien on Essique's condominium before verifying her debt. *Id.* Because Jones has not met his burden to show an absence of a genuine dispute of material fact as to whether filing the lien

6

before verifying the debt violated § 1692g(b) of the FDCPA, summary judgment is not warranted.

Essique makes an additional FDCPA claim, under § 1692e(5). Am. Compl. ¶ 50, ECF No. 6. The section bars a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Jones protests that the lien was valid under Michigan state law, so he did not threaten to take an illegal action. Mot. 11, ECF no. 18. Although Essique asserts that the lien was "invalid" under MCL §559.208, she does not offer material evidence to support her conclusion. *See* Am. Compl. ¶ 37, ECF No. 6. And notably, in her response she does not appear to challenge the legality of the lien itself, as a matter of Michigan law. *See* Resp. 8, ECF No. 22.

Whether the lien was a valid under Michigan law determines whether Jones violated § 1692e(5) by making a threat to take an illegal action. "[T]he FDCPA expressly authorizes" debt collectors to collect a debt by using means "authorized by the agreement creating the debt or permitted by law." *Haddad*, 758 F.3d at 787 (quoting § 1692f). Thus, a lien that is valid under state law is not "an unfair debt collection practice even though it [is] coercive in nature." *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 537 (6th Cir. 2014). Essique has failed to raise a triable issue as to whether — by filing the lien — Jones threatened an illegal action. Thus, the Court will grant Jones summary judgment as to Essique's claim for relief under § 1692e(5).

II.   Michigan's Regulation of Collection Practices Act (MRCPA)

Jones argues that Essique has failed to state a claim under the MRCPA because she failed "to identify the specific violations" under the Act. Mot. 20, ECF No. 18. Essique responds that she "is not required to recite factual allegations under each count of the Complaint, or specify the particular provisions of the FDCPA or MRCPA which have been violated by the Defendants[.]" Resp. 21, ECF No. 22.

In Count III, Essique's complaint states that "Jones P.C.'s foregoing acts in attempting to collect this alleged debt against Plaintiffs constitute violations of the MCPA, MCL §445.251 *et seq.*" Am. Compl. ¶ 54, ECF No. 6. To buttress the threadbare statutory reference, Essique contends that her MRCPA claims "mirror" her FDCPA claims. Resp. 21, ECF No. 22. But the MRCPA has no provision analogous to FDCPA § 1692g(b) (requiring a debt collector to provide verification after a consumer disputes the debt). And to the extent that Essique's MRCPA claim mirrors her FDCPA claim under § 1692e(5), as she asserts in her response, the Court will grant summary judgment for Jones on the MRCPA claim for the same reasons the Court granted it on the § 1692e(5) FDCPA claim.

III.   Supplemental Jurisdiction

"Federal courts have limited jurisdiction," and may only hear cases that fall within their constitutionally defined power, or that are specifically committed to their authority by Congress. *Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010). Moreover, "federal courts have an independent obligation to determine their own subject-matter jurisdiction" regardless of whether a party raises the issue. *Shweika v. Dep't of Homeland Sec.*, 723 F.3d 710, 719 (6th Cir. 2013). Under 28 U.S.C. § 1367, federal courts may only exercise supplemental jurisdiction over state-law claims so related to claims in the action

8

to "form part of the same case or controversy," which is to say "they derive from a common nucleus of operative facts." *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002).

Here, Essique's state-law claims for invasion of privacy, nuisance, and breach of contract flow from Walnut Woods's "retaining wall renovation project." Am. Compl. ¶ 10, ECF No. 6. Essique alleges that the project led to a host of problems: the loss of her Japanese Maple tree and potentilla, hosta, lavender, lilies of the valley, and dianthus plants; the destruction of her fence and a subsequent loss of her privacy; and a deprivation of her ability to use an air conditioning unit in excess of one month. Compl. ¶¶ 11, 16, 17, 19, ECF No. 6.

As Walnut Woods notes in their answer, however, the retaining wall allegations do not form part of the same case or controversy as Essique's federal-question FDCPA claim. *See* Answer ¶ 3, ECF No. 21. Indeed, the common nucleus of operative facts in the FDCPA, MRCPA and slander-of-title claims center around Jones's debt-collection activities in 2014 and 2015. Essique's other state-law claims, however, center on a landscaping project initiated in the summer of 2009 that ended in mid-2013. The matters are substantially attenuated by subject-matter and separated by time. As a result, the Court will dismiss Essique's invasion-of-privacy, nuisance, and breach-of-contract claims for lack of subject-matter jurisdiction.

## CONCLUSION

Lastly, in Essique's response to the motion, she stipulated to dismissal of several counts from her complaint: slander of title (Count IV) as to Jones and FDCPA (Count II) and MRCPA (Count III) only as brought  in her capacity as trustee. *See* Resp. ii, ECF No. 22. Since neither defendant has objected, the Court will grant these dismissals without

prejudice. Thus, the following claims will remain before the Court following its action in this Order: Essique's FDCPA § 1692g(b) claim against Jones brought individually, and Essique's slander-of-title claim against Walnut Woods, brought individually and as trustee.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendant Jones's Motion to Dismiss (document no. 18) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Count II (Fair Debt Collection Practices Act) as brought in Plaintiff's capacity as trustee of the Christine R. Essique Revocable Living Trust Dated December 22, 2009 is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Count III (Michigan's Regulation of Collection Practices Act) is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Count IV (Slander of Title) is **DISMISSED WITHOUT PREJUDICE** as to Defendant Jones.

**IT IS FURTHER ORDERED** that Count V (Invasion of Privacy), Count VI (Nuisance), Count VII (Breach of Contract) are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 19, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 19, 2016, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager

10